[Civ. No. 14497. Second Dist., Div. One. Nov. 6, 1944.]

CLIFFORD G. DELAFIELD, Appellant, v. SEARLE AERO INDUSTRIES, INC. (a Corporation) et al., Respondents.

William Ellis Lady for Appellant.

James B. Tucker and Homer N. Boardman for Respondents.

DORAN, J.—In this action plaintiff sought to recover a specified sum alleged to have been earned as commissions while in defendants' employ as a salesman. A motion for a nonsuit was granted and from the judgment that followed, plaintiff appeals.

Plaintiff testified in full at the trial; numerous records were introduced as asserted evidence of the alleged employment and in further support of plaintiff's contention, what is described as an ''accord and satisfaction'' was received in evidence. It is as follows:

''Whereas, during the year 1942 the undersigned, Cliff G. Delafield, was and still is employed by the undersigned, Vincent A. Marco, as a sales representative for the Searle Aero Industries, Inc., for whom said Vincent A. Marco was at all said times the sales director and from whom said Cliff G. Delafield's employment was directly obtained; and

''Whereas, in and during the year 1942, the said Cliff G. Delafield, as such sales representative, sold certain goods, wares and merchandise manufactured by said Searle Aero Industries, Inc., a California corporation, in the sum of Two hundred fifty two thousand three hundred fifty and 90/100 ($252,350.90) Dollars, all of which have been delivered to the purchasers thereof and for which said Cliff G. Delafield was and is to receive a commission of five per cent (5%) thereof, less advances of money heretofore made to his account in the sum of Fifty two hundred ($5200.00) Dollars, leaving a balance due said Cliff G. Delafield for his services as such sales representative for the year 1942 for goods, wares and merchandise sold and delivered, in the sum of Seven thousand four hundred seventeen and 55/100 ($7,417.55) Dollars; and

''Whereas, certain goods, wares and merchandise were also sold by said Cliff G. Delafield during said year 1942 which have not as yet been delivered to the purchasers thereof; and

''Whereas, certain sales of such goods, wares and merchandise have been or may be made by the said Cliff G. Delafield between January 1, 1943 and February 1, 1943; and

"Whereas, the undersigned parties hereto desire to have a full and complete accord and satisfaction, and a full and complete settlement of all matters arising from the employment of said Cliff G. Delafield as such sales representative of said Vincent A. Marco as said sales director for said Searle Aero Industries, Inc., and those interested therein;

"Now, therefore, in consideration of the sum of Seven thousand four hundred seventeen and 55/100 ($7,417.55) Dollars, evidenced by check No. 4530 drawn for such amount upon the Citizens National Trust and Savings Bank (Hollywood-McCadden ,Branch), the receipt of which is hereby acknowledged by the undersigned Cliff G. Delafield, and which sum comprises the entire amount due said Cliff G. Delafield for commissions upon said goods, wares and merchandise by him sold during the year 1942 and by said Searle Aero Industries, Inc., a California corporation, delivered during said year; and in further consideration of the agreements herein contained upon the part of said Vincent A. Marco, the said Cliff G. Delafield does hereby release and discharge the said Vincent A. Marco, as an individual and as the sales director of said Searle Aero Industries, Inc., and also releases and discharges said Searle Aero Industries, Inc., a California corporation, Marshall O. Searle and Mrs. Gladys M. Marco, from any and all claims on the part of said Cliff G. Delafield of all kinds and description, and all liabilities growing out of said Cliff G. Delafield's employment as heretofore set forth, except as expressly reserved and stated herein.

"The undersigned Vincent A. Marco, contracts and agrees that all sales of such goods, wares and merchandise made by the said Cliff G. Delafield during the year 1942 and up to February 1, 1943, which have not been delivered or cancelled, will upon delivery to the purchasers thereof account to said Cliff G. Delafield for his said five per cent (5%) commission thereon.

"The undersigned Vincent A. Marco will, on or after February 1, 1943, submit a contract of employment to the said undersigned Cliff G. Delafield for his forthwith rejection or acceptance, it being understood that unless said contract is accepted by said Cliff G. Delafield his employment is terminated and at an end on February 1, 1943, which contract, among other things, will be for a period of one year, designate the territory and commissions and contain other provisions, including the right of the undersigned Vincent A. Marco, or

Searle Aero Industries, Inc., to cancel and terminate the same at their option upon thirty (30) days' written notice, it being further understood that the employment of said Cliff G. Delafield has been and, if re-employed, will be directly by the said Vincent A. Marco and not by the Searle Aero Industries, Inc.

"It is understood by the parties hereto and contracted and agreed by said Cliff G. Delafield that there are no other contracts or agreements between him, the said Cliff G. Delafield, and said Vincent A. Marco nor between him and any of the other parties mentioned herein.

"The said Cliff G. Delafield further certifies and states that he has examined and has personal knowledge of his said commission account mentioned herein and that the figures and amounts stated herein of the balance due and advances made to him are true and correct and he hereby waives any further accounting thereof.

"It is also contracted and agreed that this accord and satisfaction, consisting of three typed pages, shall be binding upon the assigns, successors in interest, heirs and personal representatives of each of the parties hereto.

"In witness whereof the parties hereto have hereunto set their hands this 14th day of January, 1943.

Cliff G. Delafield<br>Vincent A. Marco.

Witnesses:
    Frank A. Harrington,
    Beverly Wilson.''

It is not disputed by respondents that appellant was employed. It is contended, however, that plaintiff's cause of action is based "solely upon an express contract and not otherwise" and that "This contingent obligation of the respondent Vincent Anthony Marco is materially and substantially other and different from the contract upon which appellant's action is founded, constitutes a material variance, and leaves the appellant's case with a complete failure of proof . . ."

It should be noted that the so-called accord and satisfaction is an agreement between Marco and Delafield. The other defendants, including the corporation defendant, are not parties thereto. Moreover, assuming but not deciding that, as evidence in plaintiff's action, it was admissible as against

the defendants other than Marco, nevertheless, as so considered it merely raises a conflict in the evidence which, for elementary reasons, must be disregarded. Notwithstanding the so-called ''accord and satisfaction'' the complaint alleged that by reason of the alleged employment of plaintiff by defendants said defendants ''and each of them are now indebted to plaintiff in a sum equal to 5% of said sum of $461,980.21, to wit, the sum of $23,099.01 lawful money of the United States, no part of which has been paid except the sum of $13,217.55, leaving due, owing and unpaid from defendants and each of them, the sum of $9,881.46.'' Plaintiff testified at length regarding the various transactions and in particular testified that there was a balance due of $9,981.47, to which the applicability of the ''accord and satisfaction'' is disputed. Such evidence alone was sufficient to overcome the motion for a nonsuit.

The judgment of nonsuit therefore is reversed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied November 29, 1944, and respondents' petition for a hearing by the Supreme Court was denied January 4, 1945.